FILED

JH

J N APR X 4 2007

APR. 4, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIV

|  |  |  |
|---|---|---|
| MARGARET PRENDERGAST, | ) | 07CV1852 |
|  | ) | JUDGE FILIP |
| Plaintiff, | ) | MAG. JUDGE COLE |
|  | ) | C |
| v. | ) | COMPLAINT FOR VIOLATION |
|  | ) | OF CIVIL RIGHTS |
| CHEMICAL PERSONNEL SEARCH, | ) |  |
|  | ) | **JURY DEMANDED** |
| Defendant. | ) |  |

## JURISDICTION AND VENUE

1.     This action arises under the United States Constitution, the Age Discrimination in Employment Act ("ADEA") of 1967, the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12101 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. This court has jurisdiction under and by virtue of 28 U.S.C §§ 1343, 1331 and 29 U.S.C. § 1132(d).

2.     Venue is founded in this judicial district upon 28 U.S.C. § 1391 as the acts complained of arose in this district.

3.     Plaintiff, Margaret Prendergast, has fully complied with the procedural requirements of the ADEA, the ADA and Title VII.  She filed a charge for discrimination with the EEOC, received a right-to-sue letter from the EEOC, and brought this lawsuit within the applicable time period.

## PARTIES

4.     At all times herein mentioned, Plaintiff, Margaret Prendergast (hereinafter "Prendergast"), was employed by the Defendant Chemical Personnel Search (hereinafter "CPS").

5.      At all times herein mentioned, Defendant, Chemical Personnel Search, was and is believed and alleged hereon to be a corporation duly organized, existing, and operating within the jurisdiction of this Court.  CPS is also an employer subject to suit under the ADEA, the ADA, and Title VII in that this Defendant is engaged in an industry affecting commerce, and has 20 or more employees for each working day of 20 or more calendar weeks in the year of and preceding the filing of this Complaint.

## FACTUAL ALLEGATIONS

6.      Defendant CPS is a recruiting firm in the business of providing staffing services to clients seeking temporary and permanent employees.

7.      Plaintiff began employment with CPS in March of 1996.  At all relevant times described herein, Plaintiff was employed in the position of "administrative assistant".

8.      At all material times, Plaintiff performed her job according to her employer's legitimate expectations.

9.      Throughout her employment with respondent, Prendergast was subjected to sexual harassment and a sexually hostile work environment.

10.      One of Plaintiff's supervisors, Dale Graham ("Graham") sent pornographic e-mails, sexually explicit e-mails, and made sexually explicit jokes to employees in the office, including, but not limited, to Prendergast and Kathleen Kane ("Kane").

11.      Doug Christiansen ("Christiansen"), the owner of CPS, was aware of Graham's conduct, as described above.

12.      On May 22, 2006, Prendergast was informed that she would be demoted, in that she would only be allowed to work part-time, thereby causing her to lose her insurance benefits.

13.     On or around that date, Prendergast informed Lee Romano ("Romano"), her direct supervisor, of Graham's sexually harassing conduct.

14.     Shortly thereafter, Prendergast learned that she had in fact not been demoted but rather had been terminated effective, retroactively, May 22, 2006.

15.     At the time of her termination, Prendergast was 62 years old.

16.     At the time of her termination, Prendergast was disabled, and/or perceived as being disabled, in that she had heart disease.

17.     Defendant CPS informed Prendergast, at the time of her termination, that she was being terminated because of a lack of work.

18.     Defendant's reason for terminating Prendergast was false in that Prendergast was replaced with a younger, non-disabled woman.

19.     Graham, Romano, and Christiansen, were jointly responsible for Prendergast's termination.

20.     At the time of Prendergast's termination, Graham, Romano, and Christiansen, had knowledge of Prendergast's age, disability (and/or perceived Prendergast as being disabled), and prior complaints of sexual harassment and/or a sexually hostile working environment.

21.     Prendergast was first demoted, and subsequently terminated on May 22, 2006 because of her age, in violation of the ADEA, her disability (and/or perceived disability), in violation of the ADA, in retaliation for complaining of sexual harassment and/or a sexually hostile working environment, in violation of Title VII, and to prevent her from using her insurance benefits provided by Defendant CPS.

22.     As a result of the aforesaid acts of the Defendant, Plaintiff has lost income and benefits in an amount to be proven at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest as permitted by law.

23.     The aforementioned acts of the Defendant were reckless, willful, wanton, malicious, oppressive and in callous disregard to and indifference to Plaintiff. Thus Plaintiff requests the assessment of punitive damages and/or liquidated damages against the Defendant in a sum as determined according to law and proof.

24.     On March 1, 2007, the EEOC issued Plaintiff a Notice of Right to Sue. Plaintiff received the Notice on March 26, 2007. Therefore, this Complaint is timely filed.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANT FOR**
**VIOLATION OF THE ADEA**

25.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

26.     Plaintiff was within the protected age group, as she was 62 years old at the time of her demotion and at the time of her termination.

27.     Plaintiff was performing according to her employer's legitimate expectations.

28.     Plaintiff was first demoted and subsequently terminated because of her age while similarly situated younger persons were retained and/or hired at the time of Plaintiff's termination who had the same position as Plaintiff.

29.     Defendant's actions as described above are in violation of the ADEA in that Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment because of her age (62).

30.     As a direct and proximate result of said unlawful employment practices and in

- 4 -

disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of

discrimination, which has manifested in emotional distress, and further has negatively impacted

her future ability to support herself, harmed her earning capacity, disrupted her personal life, and

caused loss of enjoyment of the ordinary pleasures of life.

## COUNT II
## PLAINTIFF AGAINST DEFENDANT FOR DISCRIMINIATION IN VIOLATION OF THE ADA

31. Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24)

as though fully set forth at this place.

32. Plaintiff was within the protected category – disabled – in that she had heart

disease and/or was perceived as being disabled because of her heart disease.

33. Plaintiff was performing according to her employer's legitimate expectations.

34. Plaintiff was first demoted and subsequently terminated because of her disability

and/or perceived disability while similarly situated non-disabled persons were retained and/or

hired at the time of Plaintiff's termination who had the same position as Plaintiff.

35. Plaintiff was (and remains) able to perform her job as an administrative assistant

with or without a reasonable accommodation.

36. Defendant's actions as described above are in violation of the ADA in that

Defendant acted to discriminate against Plaintiff in the terms and conditions of her employment

because of her disability.

37. As a direct and proximate result of said unlawful employment practices and in

disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of

discrimination, which has manifested in emotional distress, and further has negatively impacted

her future ability to support herself, harmed her earning capacity, disrupted her personal life, and

caused loss of enjoyment of the ordinary pleasures of life.

## COUNT III
## HOSTILE WORK ENVIRONMENT – SEXUAL HARRASSMENT
## IN VIOLATION OF TITLE VII

38.      Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

39.      During the course of her employment with Defendant, Plaintiff was repeatedly subjected to sexual harassment and/or a sexually hostile working environment by Graham, in that Plaintiff was subjected to repeated pornographic e-mails, sexually explicit e-mails, and sexually explicit jokes.

40.      Graham was a supervisor; therefore Defendant CPS is liable for his conduct, as described above.

41.      Moreover, Christiansen, the owner of Defendant CPS, knew of Graham's conduct, as described above, and took no actions to have the conduct cease.

42.      The foregoing sexual harassment unreasonably interfered with Plaintiff's work performance and/or created an intimidating, hostile, and/or offensive working environment. Defendant violated Plaintiff's rights in that Defendant required Plaintiff to work in a known sexually hostile working environment and thereby failed to provide employment conditions and relationships where Plaintiff could work safely and be free from sexual harassment.

43.      As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination and sexual harassment, the invasion of a right to be free from discrimination and humiliation, which has manifested in physical and emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her

personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

44.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

45.     Plaintiff engaged in a protected activity when she reported the incidents of sexually hostile work environment to Romano on or about May 22, 2006.

46.     Plaintiff met her employer's legitimate employment expectations.

47.     Plaintiff was first demoted and subsequently terminated on May 22, 2006 in retaliation for complaining about sexual harassment and/or a sexually hostile working environment.

48.     Defendant's actions as described above are in violation of the Title VII in that they were in retaliation for reporting sexual harassment and/or a sexually hostile working environment.

49.     As a direct and proximate result of said unlawful employment practices and in disregard of the Plaintiff's rights and sensibilities, Plaintiff has suffered the indignity of discrimination, which has manifested in emotional distress, and further has negatively impacted her future ability to support herself, harmed her earning capacity, disrupted her personal life, and caused loss of enjoyment of the ordinary pleasures of life.

## COUNT V
## INTERFERENCE WITH RIGHTS IN VIOLATION OF ERISA § 510

50.     Plaintiff realleges and incorporates paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

51.     At all relevant times herein, Plaintiff was a member in and/or participated in

Defendant's health and welfare program, which qualified as a plan under ERISA.

52.     Plaintiff was performing to Defendant's legitimate performance expectations.

53.     Prendergast was demoted and subsequently terminated on May 22, 2006 to prevent and/or in order to deprive her of participation in Defendant's health and welfare plan.

54.     In or around March 2006, Christiansen was informed by Defendant's insurance broker that its insurance premiums would be increasing due to the health of many of Defendant's employees.

55.     Plaintiff is informed and believes and alleges thereon that Defendant interfered with her participation in its health and welfare plan because Defendant believed older individuals, especially Prendergast, given her disability and/or perceived disability, would be too costly under the plan.

56.     Defendant engaged in a pattern and practice of interfering with older employee's rights and benefits under its health and welfare plan.

57.     Defendant's motivation and intent for terminating Plaintiff was discriminatory and in violation of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C §§ 1132 and 1140.

58.     As a direct and proximate result of the acts engaged in by Defendant, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, and other incidentals and benefits of employment; additional medical expenses, attorneys fees, costs and other damages allowable under ERISA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Margaret Prendergast, requests, the following relief on all of her claims:

A.     That the Defendant be required to pay to the Plaintiff special damages, including, but not limited to, backpay and frontpay (where appropriate) with benefits and with interest, in amounts to be proven at trial.

B.     That Plaintiff be granted general and compensatory damages in an amount to be determined at trial.

C.     That Plaintiff be granted punitive or liquidated damages in an amount to be determined at trial.

D.     That Plaintiff be granted pre-judgment interest in an amount to be ascertained.

E.     That the Court grant to Plaintiff her reasonably incurred attorneys' fees, costs, and litigation expenses.

F.     That the Court grant such other and further relief as the Court may deem just or equitable.

By: _Meghan A. Gonnissen_
Meghan A. Gonnissen

ED FOX & ASSOCIATES
Attorney for Plaintiff
300 W. Adams St., Suite 330
Chicago, IL 60606
(312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: *Meghan A. Gonnissen*
Meghan A. Gonnissen

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 W. Adams St., Suite 330
Chicago, Illinois 60606
(312) 345-8877