```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

MARGARET PRENDERGAST,            )
                                 )
                  Plaintiff,     )
                                 )
     v.                          )    No.  07 C 1852
                                 )
CHEMICAL PERSONNEL SEARCH,       )
                                 )
                  Defendant.     )

<u>MEMORANDUM ORDER</u>

This action has recently been reassigned to this Court's calendar following the departure of its former colleague Judge Mark Filip.  Unfortunately, the chambers file delivered to this Court included nothing other than the Judge's Copy of the employment discrimination complaint filed exactly a year ago (April 4, 2007).  When this Court then had its minute clerk print out the docket (as it has done with each of the cases inherited from Judge Filip), it learned that there was a pending (and stale) undisposed-of motion to dismiss that had been brought under Fed. R. Civ. P. ("Rule") 12(b)(6) by defendant ex-employer Chemical Personnel Search ("Chemical").  Indeed, the final brief--Chemical's reply--had been filed almost eight months ago, on August 14, 2007.

This Court accordingly requested of the parties that a copy of the motion papers be delivered to its chambers.  That has been done, and it is clear that the matter can be dispatched forthwith.

What the filings reveal is that the asserted untimeliness on which Chemical relies to bar claims that it was guilty of violations of the Americans with Disabilities Act (Complaint Count II), violations of Title VII based on hostile work environment and sexual harassment (Count III) and other Title VII violations based on retaliation (Count IV) were the result of administrative errors by the government agencies involved, not due to any tardiness on the part of plaintiff Margaret Prendergast ("Prendergast"). Instead Prendergast's counsel had expressly notified the Illinois Department of Human Rights of those additional grounds through a November 2, 2006 letter spelling out an amendment to the original charge in each of those respects (that letter was sent well within the 300-day time frame permitted by law).

None of the arguments or authorities that have been advanced by Chemical to support dismissal is convincing. More specifically, to the extent that Chemical's counsel places heavy (indeed, principal) reliance on our Court of Appeals' opinion in Cheek v. W. & S. Life Ins. Co., 31 F.3d 497 (7th Cir. 1994) as assertedly "directly on point and controlling in this case," that case's narrower view of what can constitute an employee's "charge" asserting employment discrimination has essentially been trumped by the month-old decision by the Supreme Court in Fed. Express Corp. v. Holowecki, 128 S.Ct. 1147 (2008). That broader

view certainly embraces the detailed November 2, 2006 letter from Prendergast's counsel in which he identified her additional charges--and that clearly calls for the rejection of Chemical's motion as to Complaint Counts II, III and IV.

As for Complaint Count V, which asserts a claim of loss of benefits under Chemical's health and welfare plan in violation of ERISA, Chemical's R. Mem. 10-11 essentially says that the fate of that claim is dependent on the disposition of Counts II through IV. On that premise, the motion to dismiss Count V is denied as well.

With Chemical's Rule 12(b)(6) motion thus denied, it is time for the parties to go on with this lawsuit on an expedited basis. This Court had previously set a status hearing for April 8, and at that time the parties' counsel should come prepared to discuss moving forward.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 4, 2008