IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

MARGARET PRENDERGAST,            )
                                 )
                Plaintiff,       )
                                 )
     v.                          )    No.  07 C 1852
                                 )
CHEMICAL PERSONNEL SEARCH,       )
                                 )
                Defendant.       )

                      MEMORANDUM ORDER

     This morning's status hearing in this action came hard on the heels of this Court's brief April 4 memorandum order in which it dispatched the long-pending Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss that had been brought by Chemical Personnel Search ("Chemical") while the case was pending before Judge Mark Filip.[1]  Nothing daunted, at the status hearing Chemical's counsel tendered still another motion to dismiss that he had filed just yesterday--this time seeking to invoke the abstention principle announced three decades ago in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800 (1976). Because neither counsel for plaintiff Margaret Prendergast ("Prendergast") nor this Court had of course been able to read the new motion, this Court set the matter over for another status hearing on April 14.

     But in the meantime this Court has taken the opportunity to

---

     [1] By the bye, Chemical's counsel should correct the case caption entry in his firm's computer to substitute "Judge Shadur" for "Judge Filip."

review the new motion and finds it just as lacking in merit as Chemical's earlier effort. Only a brief discussion is required to explain why that is so.

Prendergast's pending filing before the Illinois Department of Human Rights, which Chemical's counsel now attempts to treat as the predicate for <u>Colorado River</u> abstention, is <u>not</u> a "parallel state court action" such as was involved in <u>Colorado River</u>. Indeed, the very Seventh Circuit opinion that Chemical seeks to call to its aid--<u>Talley v. Washington Inventory Serv.</u>, 37 F.3d 310 (7th Cir. 1994)(a case that by chance was an affirmance of a decision by this Court)--made the express point that "Judicial review is only available under the [Illinois Human Rights] Act after the Human Rights Commission has issued a final order on a complaint" (<u>id</u>. at 312-13).

This Court sees no reason why Prendergast should eschew the pursuit of her federal claims in this forum in favor of an unresolved administrative proceeding--certainly nothing in <u>Colorado River</u> compels a party to forgo a federal judicial remedy while pursuing such a state administrative remedy, which can be followed only after that proceeding is completed by resort to state court review. Accordingly Chemical's newly-filed motion to dismiss is denied out of hand (no ruling is necessary at this point as to where and under what circumstances Prendergast may turn to the courts after resolving whatever claim may be subject

to exclusive administrative consideration by the Illinois Human Rights Commission). Because no other status hearing date has been set, this Court will retain the April 14 status hearing date.

                                                                              _____
                                                                              Milton I. Shadur
                                                                              Senior United States District Judge

Date: April 8, 2008